IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICKEY A. FERRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-07-1343-HE |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Mickey Ferrell seeks judicial review of a denial of benefits by the Social Security Administration ("SSA").  The Court should affirm.

I.    BACKGROUND

Mr. Ferrell applied for insurance benefits based on an alleged disability. Administrative Record at pp. 45-47, 345-48 (certified Jan. 2, 2008) ("Rec.").  The SSA denied the application initially and on reconsideration.  *Id.* at pp. 31-32, 308-309.  A hearing took place,[1] and an administrative law judge found that Mr. Ferrell was not disabled.[2]  The Appeals Council ordered a remand[3] and a second hearing took place.[4] Following the hearing,

---

[1]      *See* Rec. at pp. 434-57.

[2]      Rec. at pp. 297-302.

[3]      Rec. at pp. 304-307.

[4]      Rec. at pp. 485-86.

the administrative law judge concluded that Mr. Ferrell was disabled for a closed period, between November 2, 2001, and December 25, 2002.[5]  But the judge added that Mr. Ferrell had improved by December 26, 2002, to the point that he could perform work in the national economy.[6]  The Appeals Council declined jurisdiction[7] and the present action followed.  Mr. Ferrell alleges that the administrative law judge had:

- failed to properly consider the opinion of a treating physician and

- lacked substantial evidence for the finding of medical improvement.

## II.    STANDARD OF REVIEW

The Court's review entails only a determination of whether the SSA's decision is based on substantial evidence and the correct legal standard.  *See Emory v. Sullivan*, 936 F.2d 1092, 1093 (10th Cir. 1991).  Evidence is substantial if it is greater than a scintilla.  *See Sisco v. United States Department of Health & Human Services*, 10 F.3d 739, 741 (10th Cir. 1993).  If the SSA's decision lacks substantial evidence or is based on an incorrect legal standard, reversal is necessary.  *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984).  However, a court may not reweigh the evidence or substitute its judgment for that of the SSA.  *See Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495, 1498 (10th Cir. 1992).

---

[5]      Rec. at pp. 16-28.

[6]      Rec. at pp. 25-28.

[7]      Rec. at pp. 8-10.

III.   CONSIDERATION OF A TREATING PHYSICIAN'S OPINIONS

Mr. Ferrell contends that the administrative law judge had improperly evaluated the opinions of a treating physician, Dr. Craig Engles.  Mr. Ferrell is incorrect.

A.   <u>Evaluation of a Treating Physician's Opinion</u>

An administrative law judge must follow a specific process when he assesses a treating source's opinions.  First, the judge must determine whether the opinions qualify for controlling weight.  *See Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004) (*per curiam*).   This evaluation entails a determination of whether the opinions are "'well-supported by medically acceptable clinical and laboratory diagnostic techniques.'" *Id.* (citation omitted).  If not, the judge can decline to give controlling weight to the opinions. *See id.*  At that point, the administrative law judge must weigh the evidence and "give good reasons" for the impact assigned to the opinions.  *Id.*  If the judge rejects the opinions completely, he must give "'specific, legitimate reasons.'"  *Id.* (citation omitted).   If the evaluation involves assessment of an examining physician's report, it "should be examined to see if it 'outweighs' the treating physician's report, not the other way around."  *Reyes v. Bowen*, 845 F.2d 242, 245 (10th Cir. 1988).

B.   <u>Dr. Engles' Opinions</u>

The Plaintiff challenges two opinions from Dr. Engles.

First, in a letter on March 29, 2004, Dr. Engles stated that Mr. Ferrell could not:

- stand or sit for over 30 minutes at a time,

- lift anything with his right hand, or

- lift anything over 10 pounds with his left hand.

Rec. at p. 382.

Second, on March 31, 2006, Dr. Engles gave similar findings, limiting the Plaintiff to:

- standing for less than 30 minutes in a typical 8-hour workday,

- sitting for less than 40 minutes in a typical 8-hour workday,

- no lifting with the right hand, and

- lifting items weighing less than two pounds with the left hand.

*Id.* at p. 416.

Mr. Ferrell argues that Judge Parrish had failed to:

- accord the opinions controlling weight,

- discuss the weight given to Dr. Engles' opinions, and

- provide specific, legitimate reasons for rejecting the opinions.

The Court should reject these arguments.

To determine whether Dr. Engles' opinions qualified for controlling weight, the Court considers the existence of support through medically acceptable clinical and laboratory techniques. *See supra* p. 3. Judge Parrish thoroughly discussed the opinions[8] and concluded

---

[8]      Rec. at pp. 20-21, 23-24, 27.

that they were "not supported by clinical findings"[9] and that Dr. Engles had not performed an EMG study.  Rec. at pp. 23-24.  Thus, the administrative law judge did not err in his decision to decline "controlling weight" to Dr. Engles' opinions.

The Plaintiff also argues that Judge Parrish had failed to specify the weight given to Dr. Engles' opinions.  Mr. Ferrell is mistaken.  In his discussion of Dr. Engles' opinions, the administrative law judge discussed the findings of another treating physician, Dr. Carlos Garcia-Moral.  *Id.* at pp. 25-27.  The judge did not use a descriptive term regarding the weight given to Dr. Engles' opinions.  Instead, the judge specified the weight in comparative terms, concluding that Dr. Garcia-Moral's opinions were "given more weight than Dr. Engles' opinions."  *Id.* at p. 27.  The comparison made clear the weight given to Dr. Engles' opinions.[10]

Finally, Mr. Ferrell contends that the administrative law judge had failed to articulate specific, legitimate reasons for rejecting Dr. Engles' opinions.  Mr. Ferrell is incorrect.  In discounting the opinions, Judge Parrish cited:

---

[9]     *See Ragan v. Barnhart*, 89 Fed. Appx. 160, 163 (10th Cir. Feb. 11, 2004) (unpublished op.) (stating that the administrative law judge's decision to decline controlling weight to a doctor's opinion due to a "lack of supporting clinical findings" was "equivalent to a finding that the opinion was not 'well-supported by medically acceptable clinical and laboratory diagnostic techniques'").

[10]     The Tenth Circuit Court of Appeals addressed a similar issue in *Tom v. Barnhart*, 147 Fed. Appx. 791 (10th Cir. Sept. 9, 2005) (unpublished op.).  There the administrative law judge stated that he would not give a treating doctor's "opinion 'as much weight as the other evidence of record.'"  *Tom v. Barnhart*, 147 Fed. Appx. at 793 (citation omitted).  The plaintiff argued, in part, that the administrative law judge had failed to articulate the weight given to the treating physician's "opinion after finding it non-controlling."  *Id.*  The Tenth Circuit Court of Appeals rejected the argument in light of the judge's weighing of the relevant factors.  *Id.*

- the absence of EMG testing,

- the limited nature of any atrophy, and

- a poor performance at a consultative examination.

Rec. at pp. 23-27.  The Plaintiff does not challenge the sufficiency of these findings.  Instead, Mr. Ferrell merely argues that the judge had failed to provide reasons for his decision to discount Dr. Engles' opinions.  The Plaintiff is wrong.  The judge did give multiple reasons, and the Plaintiff has not questioned their validity.

IV.   SUFFICIENCY OF EVIDENCE REGARDING MEDICAL IMPROVEMENT

The administrative law judge concluded that the Plaintiff was disabled between November 2, 2001, and December 25, 2002, from complications involving severe carpal tunnel syndrome in both upper extremities.  *Id.* at pp. 20-25.  The Plaintiff had surgery on his right extremity in October 2002 and on his left extremity in December 2002.  *See id.* at pp. 195-237.  As a result of the surgeries, the administrative law judge found medical improvement, which allowed Mr. Ferrell to return to work by December 26, 2002.  *Id.* at pp. 25-28.  The Plaintiff urges a lack of substantial evidence for the judge's determination of medical improvement.  The Court should reject the argument.

A.   Standard for Medical Improvement

The administrative law judge incurred a duty to determine whether Mr. Ferrell had experienced sufficient medical improvement after December 25, 2002, to engage in

substantial gainful activity.  *See* 20 C.F.R. § 404.1594(a) (2006)[11] ("[w]e must determine if there has been any medical improvement in your impairment(s) and, if so, whether this medical improvement is related to your ability to work"); *Shepherd v. Apfel*, 184 F.3d 1196, 1201 (10th Cir. 1999) (the medical improvement standard applies to closed period disability cases).

The medical improvement test has two parts:

[T]he [administrative law judge] must first compare the medical severity of the current impairment(s) to the severity of the impairment(s) which was present at the time of the most recent favorable medical decision finding the claimant disabled.  Then, in order to determine that medical improvement is related to ability to work, the [administrative law judge] must reassess a claimant's residual functional capacity (RFC) based on the current severity of the impairment(s) which was present at claimant's last favorable medical decision. The [administrative law judge] must then compare the new RFC with the RFC before the putative medical improvements. The [administrative law judge] may find medical improvement related to an ability to do work only if an increase in the current RFC is based on objective medical evidence.

*Shepherd v. Apfel*, 184 F.3d at 1201 (citations omitted); *see* 20 C.F.R. § 404.1594(b)(7), (c)(2) (2006).

B.     The Administrative Law Judge's Findings Concerning Medical Improvement

In support of his medical improvement determination, the administrative law judge relied on:

- letters on December 17 and 26, 2002, by Dr. Carlos Garcia-Moral, which stated that the Plaintiff's carpal tunnel surgical wounds were healing well without signs of infection,

---

[11]     *See Branum v. Barnhart*, 385 F.3d 1268, 1272 n.2 (10th Cir. 2004) (citing the regulations in effect at the time of the administrative law judge's decision).

- an October 2002 notation by Dr. Garcia-Moral, remarking that the Plaintiff was "doing just fine" without any mention of pain,

- the absence of an EMG test by Dr. Engles,

- findings by an agency physician that the Plaintiff had only "limited atrophy" and adequate motor skills, and

- Mr. Ferrell's noncompliance at a consultative examination.

Rec. at pp. 25-26.

    C.    <u>The Finding of Medical Improvement Was Supported by Substantial Evidence</u>

The administrative law judge's determination of medical improvement was based on substantial evidence.

The Plaintiff challenges the judge's reliance on Dr. Garcia-Moral's letters and the alleged noncompliance at a consultative examination.  The Court may assume *arguendo* that these parts of the rationale were invalid.  Even with this assumption, the Court should affirm because the administrative law judge had given three other reasons for his assessment of medical improvement:

- a notation by Dr. Garcia-Moral that the Plaintiff was doing just fine,

- the absence of an EMG test by Dr. Engles, and

- findings by an agency physician that the Plaintiff had limited atrophy and adequate motor skills.

*See supra* pp. 7-8. These parts of the rationale are not at issue[12] and they adequately support the finding of medical improvement.[13]

D.   Summary

The Plaintiff did not challenge part of Judge Parrish's rationale to find medical improvement. These reasons would support the administrative law judge's decision even if other parts of the administrative law judge's rationale were considered improper. In these circumstances, the Court should decline to reverse even if the Plaintiff's arguments were otherwise valid.

V.   RECOMMENDATION AND NOTICE OF THE RIGHT TO OBJECT

The Court should affirm the SSA's decision.

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1) (2000). The objections are due December 4, 2008. *See* W.D. Okla. LCvR 72.1. If a party does not file written objections, he would waive any right

---

[12]   *See Gilbert v. Astrue*, 231 Fed. Appx. 778, 782 (10th Cir. Apr. 11, 2007) (unpublished op.) (Absent a particular challenge, "'the court will not "sift through" the record to find support for the claimant's arguments'" (citing *United States v. Rodriguez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997))); *see also Harman v. Apfel*, 211 F.3d 1172, 1179 n.9 (9th Cir. 2000) (absent a challenge to a particular finding, it is not open to question).

[13]   *See Lax v. Astrue*, 489 F.3d 1080, 1089 (10th Cir. 2007) (holding that substantial evidence supported the administrative law judge's findings notwithstanding the absence of record support for part of his rationale); *see also Harris v. Astrue*, 285 Fed. Appx. 527, 530 n.4 (10th Cir. July 10, 2008) (unpublished op.) (declining to reverse, even though the administrative law judge had given some poor reasons to reject a physician's opinions, because the written decision reflected other valid reasons for the assessment); *Tom v. Barnhart*, 147 Fed. Appx. 791, 793 (10th Cir. Sept. 9, 2005) (unpublished op.) (declining to reverse even though the administrative law judge had erroneously questioned a treating doctor's impartiality because of the legitimacy of other reasons for the decision).

to appellate review. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also*

*Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in

objections to the magistrate judge's recommendation are deemed waived.").

VI.    STATUS OF THE REFERRAL

The referral is terminated.

Entered this 14th day of November, 2008.

*Robert E. Bacharach*

Robert E. Bacharach
United States Magistrate Judge